# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILIPS ELECTRONICS NORTH AMERICA CORPORATION,<br><br>            Plaintiff,<br><br>      v.<br><br>LUX ELECTRONIC PRODUCTS, INC.; and MICHAEL MOISIN,<br><br>            Defendants. | CIVIL ACTION NO. 11-cv-11930<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Philips Electronics North America Corporation, for its Complaint against Lux Electronic Products, Inc., and Michael Moisin (collectively, "Defendants"), states as follows:

**I.      THE PARTIES**

1.      Plaintiff Philips Electronics North America Corporation ("Philips") is a Delaware corporation having a place of business at 3000 Minuteman Rd., Andover, Massachusetts 01810.  Philips is a wholly-owned subsidiary of Philips Holding USA, Inc., which, directly and indirectly, is a wholly-owned subsidiary of  Koninklijke Philips Electronics N.V.

2.      Lux Electronic Products, Inc. ("Lux") was registered as a Delaware corporation in 2002 and, in its 2010 Annual Report, filed in the Commonwealth of Massachusetts, Lux purports to be a Delaware corporation having its principal place of business at 8 Druce Street, Brookline, Massachusetts 02455.  However, on information and belief, Lux's Delaware incorporation was voided in 2004.

3. Defendant Michael Moisin ("Moisin") is an individual residing at 8 Druce Street, Brookline, Massachusetts 02445. On information and belief, Defendant Moisin is principal and President of Lux.

## II. JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* Subject matter jurisdiction as to these claims is conferred on this Court by 28 U.S.C. §§ 1331 and 1338(a).

5. On information and belief, Defendants have infringed and/or contributed to and/or induced infringement by others of Philips's U.S. patent rights, inter alia, by purposefully and voluntarily using, offering for sale, selling, and/or importing infringing florescent lamp products in the United States. On information and belief, various ones of these infringing electric lamp products have been and continue to be used, offered for sale, sold, and/or imported in Massachusetts. On information and belief, Defendants have thereby committed acts of patent infringement in the United States and the District of Massachusetts.

6. In addition, on information and belief, Defendants jointly and severally use, offer for sale, sell, and import infringing electric lamp products in the Commonwealth of Massachusetts and this judicial district, and thereby derive substantial revenue therefrom. For example, Defendants maintain a website (http://www.luxep.com/) through which they jointly and severally offer for sale and sell electric lamp products from Lux's principal place of business / Moisin's residence in the Commonwealth of Massachusetts.

7. Defendant Moisin has purposely availed himself of this forum by asserting his own patents in civil actions filed in this judicial district, including the litigations styled *Tele-Cons, Inc., and Michael Moisin v. General Electric Co.*, et al., No. 1:04-CV-11497-RCL (D. Mass., July 1, 2004); and *Tele-Cons, Inc., and Michael Moisin v. Harmony Lighting, Inc., et al.*, No. 1:03-CV-11250-MLW (D. Mass., July 1, 2003).

8. This Court has personal jurisdiction over Defendant Lux at least by virtue of its maintenance of a principal place of business in this judicial district.

9. This Court has personal jurisdiction over Defendant Moisin at least by virtue of his residence in this judicial district.

10. In addition, this Court has personal jurisdiction over each of the Defendants under at least Fed. R. Civ. P. 4(k)(1)(A) and Mass. Gen Laws. ch. 223A, § 3 (a)-(d) (2010).

11. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) for at least the reasons that the Defendants each reside in Massachusetts, and/or transact business in this judicial district, and/or have committed acts of patent infringement within this judicial district.

### III. BACKGROUND

12. On September 3, 1996, United States Patent 5,552,665 ("the '665 patent"), entitled "Electric Lamp Having an Undercoat for Increasing the Light Output of a Luminescent Layer," was duly issued by the United States Patent and Trademark Office (USPTO) to Charles Trushell. A true and correct copy of the '665 patent is attached hereto as Exhibit A.

13. All rights, title and interests in the '665 patent have been assigned to Philips.

14. On April 24, 2001, United States Patent 6,222,312 ("the '312 patent"), entitled "Fluorescent Lamp Having Wide Bandwidth Blue-Green Phosphor," was duly issued by the USPTO to Snehasish Ghosh, Charles Trushell, and Manuel Oomen. A true and correct copy of the '312 patent is attached hereto as Exhibit B.

15. All rights, title and interests in the '312 patent have been assigned to Philips.

16. Defendants use, sell, offer for sale and/or import in the United States, including in this judicial district, electric lamp products that infringe and/or contribute to or induce infringement by others of the '665 and '312 patents.

### IV. PHILIPS'S CLAIMS

#### FIRST CLAIM FOR RELIEF
#### Infringement of U.S. Patent No. 5,552,665

17. The allegations of paragraphs 1 through 16 are incorporated herein as if fully set forth.

18. Defendants have infringed the '665 patent in violation of 35 U.S.C. § 271 and, on information and belief, continue to do so. Defendants have directly infringed the '665 patent by making, using, selling, offering for sale, and/or importing in the United States, certain electric lamp products that infringe one or more claims of the '665 patent, literally and/or through equivalence.

19. By means of example only, on information and belief, Defendants manufacture abroad certain electric lamp products and import such products into the

United States for wholesale sale in the United States to third-parties, including Westinghouse Electric Corp.

20. By means of example only, on information and belief, Defendants manufacture abroad and import into the United States a compact fluorescent lamp (CFL) that is sold wholesale in the United States to Westinghouse Electric Corp. for subsequent retail sale in the United States as the Westinghouse "daylight 3-way mini-twist$^{TM}$."

21. Defendants' importation, offer to sell, and sale of such electric lamp products infringes at least independent claims 1, 14, and 18 of the '665 patent.

22. As a result of Defendants' infringement, Philips has suffered and will continue to suffer damages and irreparable harm. On information and belief, Defendants will continue their infringing activities, and continue to damage Philips and cause Philips irreparable harm, unless enjoined by this Court.

**SECOND CLAIM FOR RELIEF**
**Infringement of U.S. Patent No. 6,222,312**

23. The allegations of paragraphs 1 through 22 are incorporated herein as if fully set forth.

24. Defendants have infringed the '312 patent in violation of 35 U.S.C. § 271 and, on information and belief, continue to do so. Defendants have directly infringed the '312 patent by making, using, selling, offering for sale, and/or importing in the United States, certain electric lamp products that infringe one or more claims of the '312 patent, literally and/or through equivalence.

25. By means of example only, on information and belief, Defendants manufacture abroad certain electric lamp products and import such products into the

United States for wholesale sale in the United States to third-parties, including Westinghouse Electric Corp.

26. By means of example only, on information and belief, Defendants manufacture abroad and import into the United States a compact fluorescent lamp (CFL) that is sold wholesale in the United States to Westinghouse Electric Corp. for subsequent retail sale in the United States as the Westinghouse "daylight 3-way mini-twist™."

27. Defendants' importation, offer to sell, and sale of such electric lamp products infringes at least independent claims 1 and 9 of the '312 patent.

28. As a result of Defendants' infringement, Philips has suffered and will continue to suffer damages and irreparable harm. On information and belief, Defendants will continue their infringing activities, and continue to damage Philips and cause Philips irreparable harm, unless enjoined by this Court.

## PRAYER FOR RELIEF

**WHEREFORE,** Philips respectfully request the following relief:

A. The entry of judgment that Defendants have infringed the '665 patent and the '312 patent;

B. The entry of a preliminary and permanent injunction, enjoining Defendants and their officers, directors, agents, servants, employees, privies, and all persons in active concert or participation with them, from further infringement of the '665 patent and the '312 patent;

C. An award of damages sufficient to compensate Philips for Defendants' infringement of the '665 patent and the '312 patent, together with prejudgment and post-judgment interest on the damage award;

D.     A declaration that this case is exceptional under 35 U.S.C. § 285 and an award of Philips's attorneys' fees;

E.     An award of Philips's costs and expenses; and

F.     Such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Philips respectfully requests a jury trial on all issues triable to a jury.

Dated:  October 31, 2011

Respectfully submitted,

  /s/ Christopher S. Schultz
Christopher S. Schultz (BBO #630814)
Finnegan, Henderson, Farabow,
 Garrett & Dunner, LLP
55 Cambridge Parkway
Cambridge, MA 02142
Telephone: (617) 452-1600
Facsimile: (617) 452-1666
Email: christopher.schultz@finnegan.com

Vincent P. Kovalick
Finnegan, Henderson, Farabow,
 Garrett & Dunner, LLP
901 New York Avenue, NW
Washington, DC 20001
Telephone: (202) 408-4107
Facsimile: (202) 408-4400
Email: vince.kovalick@finnegan.com

John M. Mulcahy
Finnegan, Henderson, Farabow,
 Garrett & Dunner, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
Telephone: (571) 203-2751
Facsimile: (202) 408-4400
Email: john.mulcahy@finnegan.com

Attorneys for Plaintiff
PHILIPS ELECTRONICS NORTH
AMERICA CORPORATION